OPINION.
{¶ 1} Defendant, Kevin Bradley, appeals from a judgment of the trial court that denied his motion for jail time credit for a period of time Defendant spent in a residential drug treatment program at Nova House, which might apply against a term of incarceration to which Defendant was sentenced upon the trial court's finding that Defendant violated his community control sanctions.
 {¶ 2} On June 8, 2001, Defendant pled guilty in common pleas court to theft, case number 01-CR-19, and failure to appear, case number 01-CR-86. The court sentenced Defendant to three years of community control. The control sanctions included a condition that Defendant successfully complete the Nova House residential drug treatment program. The trial court did not advise Defendant what prison term it would impose should Defendant violate his community control sanctions.
 {¶ 3} Subsequently, it was alleged that Defendant had violated the terms of his community control by failing to complete the residential drug treatment program at Nova House. Defendant did not contest the alleged violation. On February 7, 2002, the trial court found Defendant guilty of violating the terms of his community control and revoked his community control sanctions. The trial court then sentenced Defendant to consecutive prison terms totaling twenty-eight months, and gave Defendant jail time credit for one hundred thirty-one days.
 {¶ 4} Defendant timely appealed to this court. We reversed Defendant's prison sentence because the trial court had failed to comply with R.C. 2929.19(B)(5) when the court imposed community control sanctions by notifying Defendant of the prison sentence the court would impose should Defendant violate his community control sanctions. We vacated Defendant's prison sentence and remanded the case to the trial court for resentencing on the community control violation. State v.Bradley (January 17, 2003), Champaign App. No. 2002-CA-11. On March 13, 2003, pursuant to our remand, the trial court resentenced Defendant to five years of community control, and advised Defendant that if he violated his community control sanctions the court would sentence him to consecutive terms of imprisonment totaling twenty-eight months.
 {¶ 5} While Defendant's appeal in case no. 2002-CA-11 was pending before us, Defendant filed a motion in the trial court requesting additional jail time credit for the period of time he had spent in the residential drug treatment program at Nova House. The trial court denied Defendant's request for additional jail time credit on October 10, 2002. Defendant timely appealed from that order to this court in case number 2002-CA35, and it is that appeal which is presently before us.
 ASSIGNMENT OF ERROR {¶ 6} "The Trial Court Erred To The Prejudice Of Appellant By Its Failure To Correct The Journal Entry Of Sentencing To Reflect The Actual Time Appellant Was Confined For His Crime Of Conviction And Thereby Subjected Appellant To A Greater Sentence Than Allowed By Law Ans To Actual Punishment Twice For The Same Offenses, In Violation Of Usca Const. Amend. 5 14 And O. Const. Art. 1 Section 10."
 {¶ 7} The sole issue before us in this appeal is whether Defendant is entitled to jail time credit for purposes of R.C. 2967.191 for the period of time he spent in the residential drug treatment program at Nova House. That issue arose out of the trial court's February 7, 2002 judgment that revoked Defendant's community control and imposed consecutive terms of imprisonment. Our judgment in the prior appeal that was entered on January 17, 2003, reversed and vacated the trial court's order of imprisonment. That renders moot any error the trial court may have committed when it denied Defendant's request for additional jail time credit.
 {¶ 8} Defendant presently is serving a term of community control, and not a term of imprisonment, after being resentenced by the trial court pursuant to our remand. Therefore, there is no issue concerning jail time credit that can be determined at this time, either by the trial court or by this court. In other words, the issue Defendant raises in this appeal is not ripe for judicial review at this time. The appropriate time to raise that issue is when, and if, the trial court reimposes a sentence of imprisonment following Defendant's violation of his present community control sanctions. We can only hope that will not occur.
 {¶ 9} The assignment of error is not well taken. This appeal will be dismissed.
FAIN, P.J. and WOLFF, J., concur.